IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PETER R. TIA, #A1013142, | ) CIV. NO. 17-00161 DKW/RLP |
| Plaintiff, | ) ORDER DENYING IN FORMA ) PAUPERIS APPLICATION AND |
| vs. | ) DISMISSING ACTION PURSUANT ) TO 28 U.S.C. § 1915(g) |
| CHRIS MCKEON, HI DEP'T OF PUBLIC SAFETY, CCA INC., | ) ) |
| Defendants. | ) ) |
| _____ | ) |

## ORDER DENYING IN FORMA PAUPERIS APPLICATION AND DISMISSING ACTION PURSUANT TO 28 U.S.C. § 1915(g)

Before the court is pro se Plaintiff Peter R. Tia's prisoner civil rights complaint and Application to Proceed In Forma Pauperis ("IFP"). Tia alleges that Defendants Chris McKeon, an inmate with whom Tia was once incarcerated, the Hawaii Department of Public Safety, and the Corrections Corporation of America conspired to murder various celebrities who apparently died in 2016. *See* Compl., ECF No. 1. Tia refers to several of his earlier cases that were dismissed pursuant to 28 U.S.C. § 1915(g), alleging Defendants' conspiracy caused their dismissal. The court DENIES Tia's IFP Application and DISMISSES this action without prejudice.

## I. **28 U.S.C. § 1915(g)**

> A prisoner may not bring a civil action or appeal a civil judgment if:
>
> the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "[Section] 1915(g) should be used to deny a prisoner's IFP status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). "In some instances, the district court docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike." *Id.* at 1120.

Tia has accrued three "strikes" under § 1915(g).[1] He has had notice of these strikes, and may not proceed without concurrent payment of the civil filing fee

---

[1] *See Tia v. Fujita*, 1:08-cv-00575 HG/BMK (D. Haw. Jan. 27, 2009) (dismissed for failure to state a claim); *Tia v. Criminal Investigation Demanded*, 1:10-cv-00383 SOM/BMK (D. Haw. Aug. 5, 2010) (dismissed as frivolous and for failure to state a claim); and *Tia v. Criminal Investigation*, 1:10-cv-00441 DAE/BMK (D. Haw. July 30, 2010) (dismissed as frivolous and for failure to state a claim). *See* PACER Case Locator http://pacer.psc.uscourts.gov (last visited Nov. 14, 2016).

unless he plausibly alleges that he was in imminent danger of serious physical injury when he filed suit.

## II.  THE IMMINENT DANGER EXCEPTION

The imminent danger "exception applies if the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007). This "exception turns on the conditions a prisoner faced at the time the complaint was filed, not some earlier or later time." *Id.* at 1053.  Claims of "imminent danger of serious physical injury" cannot be triggered solely by complaints of past abuse.  *See Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998); *Luedtke v. Bertrand*, 32 F. Supp. 2d 1074, 1077 (E.D. Wis. 1999).

Tia alleges no facts showing that he was in imminent danger of serious physical injury when he commenced this action, from Defendants or others. Because Tia fails to assert a plausible allegation that he was in imminent danger of serious physical injury when he commenced this case, he may not proceed in forma pauperis.

## III.  CONCLUSION

Tia's Application to Proceed In Forma Pauperis is DENIED and this action is DISMISSED without prejudice.  Tia may, of course, refile these claims in a new

action with concurrent payment of the civil filing fee.  Any pending motions are terminated.  The Clerk of Court is DIRECTED to close the case and note this dismissal is pursuant to 28 U.S.C. § 1915(g).

    IT IS SO ORDERED.

    Dated:   April 13, 2017 at Honolulu, Hawai'i.



   /s/ Derrick K. Watson
Derrick K. Watson
United States District Judge

---

*Peter R. Tia v. Chris McKeon, et al.;* Civil No. 17-00161 DKW/RLP; **ORDER DENYING IN FORMA PAUPERIS APPLICATION AND DISMISSING ACTION PURSUANT TO 28 U.S.C. § 1915(g)**

*Tia v. McKeon, et al.,* 1:17-cv-00161 DKW/RLP; 3 Stks 2017/Tia 17-161 (no im. dgr RICO)